similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.

This order shall constitute a public record.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Timothy Maze HARTLEY, Respondent.**

**No. 92–SC–71–KB.**

Supreme Court of Kentucky.

March 12, 1992.

### ORDER OF SUSPENSION

This matter is before the Court on the motion of the Kentucky Bar Association, CLE Commission, for entry of an order of suspension pursuant to SCR 3.669(4) against the respondent for failure to meet the annual minimum continuing legal education requirement for the educational year ending June 30, 1991; and it appearing that the Court on December 30, 1991, issued its order directing the respondent to show cause on or before January 20, 1992, why he should not be suspended for such failure; and it further appearing that the respondent has filed no response thereto

whatsoever; NOW THEREFORE IT IS HEREBY ORDERED that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.

This order shall constitute a public record.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Theodore Reed BOEHM, Respondent.**

**No. 92–SC–72–KB.**

Supreme Court of Kentucky.

March 12, 1992.

### ORDER OF SUSPENSION

This matter is before the Court on the motion of the Kentucky Bar Association, CLE Commission, for entry of an order of

suspension pursuant to SCR 3.669(4) against the respondent for failure to meet the annual minimum continuing legal education requirement for the educational year ending June 30, 1991; and it appearing that the Court on December 30, 1991, issued its order directing the respondent to show cause on or before January 20, 1992, why he should not be suspended for such failure; and it further appearing that the respondent has filed no response thereto whatsoever; NOW THEREFORE IT IS HEREBY ORDERED that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.

This order shall constitute a public record.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

KENTUCKY BAR ASSOCIATION,
Movant,

v.

James K. CAUDILL, Respondent.

No. 92–SC–70–KB.

Supreme Court of Kentucky.

March 12, 1992.

ORDER OF SUSPENSION

This matter is before the Court on the motion of the Kentucky Bar Association, CLE Commission, for entry of an order of suspension pursuant to SCR 3.669(4) against the respondent for failure to meet the annual minimum continuing legal education requirement for the educational year ending June 30, 1991; and it appearing that the Court on December 30, 1991, issued its order directing the respondent to show cause on or before January 20, 1992, why he should not be suspended for such failure; and it further appearing that the respondent has filed no response thereto whatsoever; NOW THEREFORE IT IS HEREBY ORDERED that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.